Argued April 15, affirmed May 25, rehearing denied June 22, 1920.

## WHETSTONE *v.* JENSEN.

(189 Pac. 983.)

**Appeal and Error—Verdict on Conflicting Evidence not Disturbed.**

1. Verdict based on conflicting evidence will not be disturbed on appeal.

**Municipal Corporations—Negligence of Defendant in Automobile Collision for Jury.**

2. In an action by owner of automobile for damages by reason of a collision with defendant's automobile at street intersection, negligence of defendant *held* for the jury.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.

This was an action begun in the Justice's Court in Lane County to recover the sum of $57.55, damages, which it is alleged plaintiff sustained, by reason of

defendant having negligently driven his auto truck into plaintiff's automobile.

The defendant denied the allegation of negligence on his part, alleged negligence on the part of the driver of plaintiff's car, and counterclaimed for $25 damages. The case was tried in the Justice's Court and resulted in a judgment against defendant, from which he appealed to the Circuit Court, where there was again a verdict and judgment against him for $57.50, from which he appeals to this court.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. S. P. Ness.*

For respondent there was a brief and an oral argument by *Mr. Howard M. Brownell.*

McBRIDE, C. J.—The objection that the complaint does not state facts sufficient to constitute a cause of action is untenable. The facts are set forth even to the extent of prolixity, and, taking them as true, it necessarily follows that the accident was the sole result of defendant's negligent driving.

1. The testimony was conflicting, each party laying the blame of the collision upon the other, and, unless the admitted physical facts show it was impossible that the accident occurred by reason of defendant's negligence, the verdict must stand. Without going into detail, we think the testimony is not such as to indicate that it was impossible for the account given by plaintiff's witnesses of the facts of the occurrence to have been true. If true, it indicates that plaintiff's wife was driving his machine and had the right of way at the intersection of two streets, and that defendant, in attempting to pass her, negli-

gently ran against the machine driven by her. The testimony of Mrs. Whetstone was to the effect that, when she entered the intersection of the two streets and was making a turn to the right, defendant's car was behind her and that he overtook her and struck her car. That she was driving about 10 miles an hour. The testimony of J. F. Berger, who was riding with Mrs. Whetstone, is to the same effect, except that he estimated the speed of her car at from 12 to 15 miles an hour. The defendant testified that his car was going at a speed of 8 miles an hour.

2. It is argued by counsel for defendant that if plaintiff was ahead of defendant and driving at the rate of 10 miles an hour, and defendant was following at the rate of 8 miles an hour, his car could not have overtaken the car of plaintiff and, therefore, the physical facts render it impossible that defendant could have caused the accident. But the speed at which defendant was driving is not an admitted physical fact. It depends entirely upon his testimony. The condition of the cars after the accident, and the testimony of Mr. Laroton, a disinterested witness who saw the accident, indicate that Mrs. Whetstone did not drive her car against the defendant's truck; but that defendant drove his truck against her car, so the testimony of Mrs. Whetstone, Mr. Berger and Mr. Laroton, taken in connection with the physical condition of the cars and their situation at the time of the accident, tend quite strongly to contradict defendant's statement that he was driving only 8 miles an hour. This is not a case where all the physical facts are admitted or absolutely certain, and, therefore, the facts were for the jury, who had the advantage of a view of the locality where the accident took place.

No other question of law appearing in the record, the judgment is affirmed.

AFFIRMED.   REHEARING   DENIED.

HARRIS, BENSON and JOHNS, JJ., concur.